# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN ARCHAVAGE, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| PROFESSIONAL ACCOUNT | : |
| SERVICES, INC., | : |
| | : |
| Defendant. | : |

## <u>NOTICE OF REMOVAL</u>

Defendant, Professional Account Services, Inc. (hereinafter "PASI"), through its undersigned counsel, gives notice of removal to this Honorable Court for a state civil class action filed in the Court of Common Pleas of Luzerne County, Pennsylvania, and in support of thereof avers as follows:

1.     A civil class action has been brought against Defendant, PASI, by Plaintiff and is pending in the Court of Common Pleas of Luzerne County, Pennsylvania, docketed at 2016-566.  The Complaint filed in the civil action is attached hereto as Exhibit "A."

2.     The state court in which this action was filed is located in Luzerne County, Pennsylvania. <u>See</u> Exhibit "A." Luzerne County, Pennsylvania is located in the Middle District of Pennsylvania.

3.      Upon information and belief, the named Class Action Plaintiff, Steven Archavage, is a Pennsylvania resident located at 519 Jones Street, Nanticoke, Pennsylvania. See Exhibit "A" at ¶ 16.

4.      Through discovery, a potential class list of approximately 31,679 individuals have been identified.  These individuals are residents of Pennsylvania.

5.      Defendant is, and was at the time of filing this action, a citizen of Tennessee, based on the following:

      a.   Defendant is a corporation incorporated in the state of Tennessee;

      b.   Defendant's principal place of business is located at 7100 Commerce Way, Suite 100, Brentwood, Tennessee;

      c.   Defendant PASI does not maintain a principal place of business in Pennsylvania.

See Affidavit of Jim Clark, attached hereto as Exhibit "B."

6.      Defendant, who is the removing defendant, is the only defendant in this action.

7.      Pursuant to the Federal law, removal is permitted where "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper, from which it may be first

ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3).

8.    "Other paper" includes responses to discovery, settlement demands, correspondence, etc. See id at 1446(c)(3)(A) ("if the case stated in the initial pleading is not removal solely because the amount in controversy does not exceed the amount specified, information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper."); See e.g. Hall v. Delta Airlines, 340 F.Supp.2d 596 (D.V.I. 2004 )(citing Vartanian v. Terzian, 960 F. Supp.58, 62) (D.N.J. 1997)) and White v. Gould, 1992 WL 7032 at *2 (E.D.Pa. 1992) ("correspondence between counsel, including a settlement demand letter, may constitute an 'other paper" upon which removability can be based").

9.    Under Class Action Fairness Act, a class action may be removed pursuant to 28 USC § 1446, except that the one year limitation does not apply. See 28 U.S.C. § 1453 (b).

10.    Under 28 U.S.C. § 1446, a case may not be removed more than one year after commencement of the action, unless this district court finds the plaintiff has acted in bad faith in order to prevent the defendant from removing the action. See 28 U.S.C. § 1446(c)(1).

11.     If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith. See id. at (c)(3)(b).

12.     Plaintiff's Complaint was not initially removable, in part, because Plaintiff's amount in controversy did not exceed $5,000,000.

13.     On February 22, 2016, Defendant filed for removal under diversity and federal jurisdiction.

14.     The case was removed and docketed as 3:16-cv-00319-JFS.

15.     On March 8, 2016, Plaintiff filed a Motion to Remand, in part, arguing that the Complaint explicitly stated that the total amount in controversy at that time was $5,000,000 or less, and class membership would be less than 100 people. See Exhibit "A" at ¶¶ 13, 61.

16.     On March 29, 2017, this Honorable Court remanded the case, finding, in part, that the Plaintiff's amount in controversy was less than $5,000,000, and Defendant did not provide sufficient evidence as to citizenship. See Opinion, attached hereto as Exhibit "C."

17.    As of June 28, 2019, Defendant received Plaintiff's demand for $15,000,000.[1] See Demand, attached hereto as Exhibit "D."

18.    The amount in controversy now exceeds the statutory minimum of $5,000,000 for diversity jurisdiction. See 28 USC 1332(d)(2).

19.    Based on this new information, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and 1453 because the amount in controversy exceeds $5,000,000, all Plaintiffs are citizens of Pennsylvania, Defendant is a citizen of Tennessee, and the proposed class membership exceeds 100 individuals.

20.    Plaintiff previously asserted in both his Complaint and Motion for Remand that the class would be less than 100.  Over 30,000 individuals have been identified through discovery as potential class members.

21.    Defendant received notice that this case was removable through Plaintiff's Demand on or around June 28, 2019. The instant petition is filed within thirty (30) days thereof as required under 28 U.S.C. § 1446(b)(3).

22.    Since the statutory requirements have been met, this state civil action is properly removed to this Court.

---

[1] Plaintiff sent the demand via email originally on June 19, 2019. Defense Counsel never received the email until Plaintiff's counsel resent the email on June 28, 2019.

23.     Defendant currently has a pending Motion to Share Costs in Luzerne County Court of Common Pleas. Defendant's Motion to Share Costs and Plaintiff's Response in Opposition is attached hereto as Exhibit "E."

24.     State court filings from Luzerne County Court of Common Pleas are attached hereto as Exhibits F-K.[2]

Respectfully submitted,

**BURNS WHITE LLC**

By:   *M. Campbell*
        Stuart T. O'Neal, Esquire
        Mark S. Sottile, Esquire
        Meghan E. Campbell, Esquire
        Attorneys for Defendant,
        Professional Account Services, Inc.

---

[2] Documents filed confidentially in Luzerne County Court of Common Pleas will be submitted with a Motion to File Under Seal.