# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN ARCHAVAGE, <br><br> Plaintiff, <br><br> v. <br><br> PROFESSIONAL ACCOUNT SERVICES, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:19-CV-01215 <br><br> (MEHALCHICK, M.J.)[1] |

## MEMORANDUM OPINION

In this putative class action involving allegations of an unlawful debt collection scheme, defendant Professional Account Services, Inc. ("PAS"), moves for an order decertifying or striking various audio files from the potential class list. (Doc. 6). Plaintiff Steven Archavage opposes PAS's motion and moves for an order remanding the case to the Luzerne County Court of Common Pleas. (Doc. 12) (Doc. 10). Both parties have fully briefed the motions, which are now ripe for review. (Doc. 7) (Doc. 11) (Doc. 13) (Doc. 15) (Doc. 16).

Although first-filed, PAS's motion rises or falls with resolution of Archavage's motion for remand. The Court therefore addresses the motion to remand first. For the reasons that follow, Archavage's motion for remand (Doc. 10) is **GRANTED**, the case is remanded to the Luzerne County Court of Common Pleas, and the Clerk of the Court is directed to close the case. PAS's motion for an order decertifying or striking various audio files from the potential class list (Doc. 6) is **DENIED AS MOOT**.

---

[1] In November 2019, the parties consented, pursuant to 28 U.S.C. § 636(c)(1), to the undersigned's jurisdiction to adjudicate all pretrial and trial proceedings relating to the action. (Doc. 18; Doc. 19).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Archavage commenced this action on January 25, 2016, by filing a complaint in the Luzerne County Court of Common Pleas ("Luzerne CCP").[2] In his complaint, Archavage alleges that PAS's employees falsely held themselves out as a hospital creditor when attempting to collect debts and recorded these phone calls without obtaining the consent of the other caller. *See* 18 Pa.C.S. § 5702; (Doc. 11, at 2). Based on these and other, more specific allegations,[3] Archavage asserts five causes of action based on fraud and unjust enrichment and violations of the three Pennsylvania statutes: the Fair Credit Extension Uniformity Act, the Unfair Trade Practices and Consumer Protection Law, and the Wiretap Act. (Doc. 11, at 2); *see* 73 P.S. §§ 2270.1–2270.6 (fair credit); 73 P.S. §§ 201-1–201-9.3 (unfair trade practices); 18 Pa.C.S. § 5725(a) (wiretapping). Archavage asserted a total amount in controversy, for himself and each class member, of $5,000,000 or less, and he indicated that the members of the class in Pennsylvania are "less than or equal to 100 in number." (Doc. 13, at 2).

In February 2016, PAS filed a notice of removal asserting the Court's subject matter jurisdiction based on diversity of citizenship and the presence of a federal question. (Doc. 11, at 2); *see* 28 U.S.C. §§ 1332(d)(2), 1331. Archavage responded by filing a motion for remand, and in March 2017, Magistrate Judge Joseph F. Saporito, Jr. granted Archavage's motion, remanding the case back to Luzerne CCP. Judge Saporito found that PAS had failed to meet its

---

[2] Archavage voluntarily withdrew an earlier complaint that he had filed in December 2015, and he apparently effectuated this withdrawal one day after PAS had filed a notice of removal. (Doc. 13, at 1–2).

[3] "In Mr. Archavage's situation, the employees pretended to be from the Wilkes-Barre General Hospital in their phone calls and even sent a fax which was doctored to make it appear that [PAS] was the Wilkes-Barre General Hospital." (Doc. 11, at 2).

burden of establishing diversity of citizenship and that the amount in controversy exceeded $5,000,000, or that the Court has jurisdiction based on a federal question. (Doc. 11, at 2). Judge Saporito's reasoning was based, in part, on a provision in the complaint that expressly limits the amount in controversy to lower than the jurisdictional requirement. (Doc. 11, at 3). Discovery and motion practice ensued, and the class was certified on August 9, 2018. (Doc. 11, at 3).

After a failed mediation effort culminating with Archavage's June 19, 2019 letter demand of $15,000,000, PAS filed the July 17, 2019 notice of removal that is now the subject of Archavage's motion for remand. (Doc. 13, at 4) (Doc. 1). PAS argues that it has established sufficient grounds for removal to federal court based on diversity of citizenship, arguing that (1) it is a Tennessee citizen, whereas Archavage and potential class members are Pennsylvania citizens; (2) more than 100 potential class members have been identified, despite the allegation in the complaint that there are no more than 100 class members; and (3) the amount in controversy necessarily exceeds $5,000,000 given Archavage's demands for punitive damages and attorneys' fees and his $15,000,000 settlement offer. (Doc. 13, at 5).

## II. THE REMOVAL STATUTE

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." To obtain a remand order, the defendant "meet the requirements for removal detailed in other provisions." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019). First, the defendant must file a notice of removal in the district

court "for the district and division within such action is pending." 28 U.S.C. § 1446(a).[4] Second, the defendant must file the notice of removal within the shorter of two periods: within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," *or* within 30 days "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." § 1446(b).

A plaintiff, in turn, may move to remand the action back to state court "under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). The removal statute is to be "strictly construed against removal," and the "party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Any doubt about whether removal was proper "must be resolved in favor of remand." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

## III. DISCUSSION

Archavage argues that PAS failed to file the notice of removal timely and that removal is precluded by 28 U.S.C. §§ 1446(c)(3)(A) and 1447(d) and the doctrines of law of the case and collateral estoppel. (Doc. 11, at 1). Though PAS filed its notice of removal on July 17, 2019,

---

[4] The notice must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants." 28 U.S.C. § 1446(b).

over two years after Archavage had filed his complaint, PAS argues that the notice is timely under § 1446(b)(3), which provides, in relevant part: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). It is PAS's contention that Archavage's June 21, 2019 settlement letter demanding $15,000,000 constitutes "other paper" under the statute and that the notice of removal, filed on July 17, 2019, is therefore timely. (Doc. 13, at 7–8).

PAS's arguments, though not without some support in the case law, run contrary to the express language of the removal statute. Section 1446(c)(3)(A) of Title 28 of the United States Code provides that in cases not initially removable "solely because the amount in controversy does not exceed" the jurisdictional amount, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under [§ 1446(c)(3)(A)]." The parties are at loggerheads over whether Archavage's settlement demand letter constitutes "other paper" under the statute. That issue, however, is not dispositive: regardless of whether the demand letter is "other paper" under § 1446(b)(3) and (c)(3)(A), Judge Saporito explicitly held, in his March 2017 Memorandum and Order, that PAS had failed to establish not only the amount-in-controversy requirement but also diversity of citizenship—i.e., that PAS is a Tennessee citizen. *Archavage v. Professional Account Services, Inc.*, 3:16-CV-00319 (M.D. Pa. Feb. 22, 2016), ECF Nos. 22–23. Therefore, no genuine argument can be made that the complaint was initially not removable *solely* because of the amount in controversy. Nor is the Court able to conclude that Archavage's settlement demand is an "other paper" from which PAS was first able to "ascertain[] that the case is one which is or has

become removable." *See* 28 U.S.C. § 1446(b)(3) (emphasis added)).

Because PAS has failed to establish that its notice of removal complies with the timing provisions in § 1446(b)(3) and (c)(3)(A), PAS has failed to establish that its notice of removal is timely. As the notice of removal is untimely, PAS will not be permitted to rehash the same diversity-of-citizenship arguments raised before Judge Saporito. Support for this conclusion can be found in 28 U.S.C. § 1447(d)'s prohibition against the review of orders granting remand and the law-of-the-case doctrine. Under § 1447(d), with exceptions not relevant here, orders remanding cases under § 1447(c) (e.g., lack of subject matter jurisdiction) are simply unreviewable, although they may be appealed under 28 U.S.C. § 1453(c)(1). *See* 28 U.S.C. § 1447(c)–(d).[5] Under the law-of-the-case doctrine, which "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation," the Court is bound to follow Judge Saporito's ruling that PAS filed to carry its burden to establish diversity of citizenship. *See, e.g.*, *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). While the doctrine is not absolute and may be overcome by a showing of newly available evidence or intervening events justifying evaluation anew, PAS has made no such showing here. *See, e.g.*, *Pub. Interest Research Grp. of New Jersey, Inc.*, 123 F.3d at 116; *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999); *Brown*, 575 F.3d at 328. The Court is

---

[5] "A limited exception to this principle is provided under [the Class Action Fairness Act of 2005], whereby a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to State court from which it was removed if application is made to the court of appeals within seven days after the entry of the order." *Brown v. Jevic*, 575 F.3d 322, 328 (3d Cir. 2009) (internal quotation marks omitted); *see* 42 U.S.C. 1453(c)(1). Successive "attempts at removal [under CAFA] are permissible where the grounds for removal become apparent only later in the litigation." *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Here, though, there are no grounds for removal because Judge Saporito already held that PAS failed to establish diversity of citizenship.

neither inclined nor empowered to re-decide Judge Saporito's decision.⁶

This is not a case where "subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts," such that "a second notice of removal is permissible." *Brown*, 575 F.3d at 328 (citing 14C Wright, Miller & Cooper, supra, § 3739, at 495–96). Even considering the $15,000,000 settlement demand letter an "other note"—and, as such, an intervening change concerning the amount in controversy—Archavage rightly acknowledges that the bases for PAS's assertion concerning the amount-in-controversy requirement turn on variables about which PAS had knowledge since much earlier in this action, perhaps its inception. For example, PAS is in possession of the over 70,000 phone calls that were allegedly unlawfully recorded, and there is no explanation as to why PAS is only now able to compute damages based on these numbers using the statutory framework provided in the Wiretap Act given the types of damages asserted. (Doc. 13, at 11–12).

Finally, even assuming the notice of removal was filed timely, PAS nevertheless failed to establish that Archavage's settlement demand letter is an "other note" under § 1446(b)(3) and (c)(3)(A). At first glance, courts appear to be split on the issue of whether a settlement demand

---

⁶ Regarding the assertion that it "is attempting to re-litigate the Court's previous order," PAS asserts that it "was not able to successfully remove the case because they could not show federal jurisdiction, [PAS's] citizenship, or amount in controversy." (Doc. 14, at 13). Tellingly, PAS's support for this contention is the fact that it "was not in possession of a $15,000,000 demand[] and is therefore rightfully seeking removal based on the discovery of new information." (Doc. 13, at 14). PAS posits no arguments or refers the Court to case law suggesting that new information on one decided issue (amount in controversy) suffices to establish new information on a separate issue (diversity of citizenship).

letter can be an "other note" under the statute and therefore extend the timeframe for filing a notice of removal. *See, e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (concluding that "a post-complaint letter concerning settlement terms may constitute an 'other paper' under § 1446(b)"); *Ferguson v. Nobles*, No. CIV. 14-1439, 2014 WL 1492266, at *2 (E.D. Pa. Apr. 15, 2014) (finding settlement demand "best seen as posturing for settlement negotiations and cannot override an unequivocal limitation on the damages that Plaintiffs seek") (citing *Sfirakis v. Allstate Ins. Co.*, No. CIV. A. 91-3092, 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) (rejecting argument that settlement demand letter met the criteria for "other paper")); *White v. Gould*, No. CIV. A. 91-6531, 1992 WL 7032, at *1 (E.D. Pa. Jan. 9, 1992) (holding settlement demand letter constituted an "other paper," which represented the first evidence from which defendant could "have concluded that the amount in controversy was satisfied").

Nevertheless, in attempting to harmonize the case law, the Court has noted several recurrent factors that courts tend to use to guide their consideration whether such a demand is an "other note" under the removal statute. Some of these factors are whether (1) the complaint "unequivocally states that the damages do not exceed" an amount less that the jurisdictional threshold for amounts in controversy, *see Sfirakis*, 1991 WL 147482, at *3; (2) the demand is merely a "posturing for settlement negotiations" rather than a concession about the plaintiff's actual asserted damages, *see Ferguson*, 2014 WL 1492266, at *2; (3) the demand is supported or accompanied by "an estimate of actual damages," e.g., "from [a] contractor," *see Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 479 (E.D. Pa. 2013); (4) the plaintiff made it impossible for the defendant to determine that "the amount of controversy was satisfied," *White*, 1992 WL 7032, at *2; and (5) the settlement demand was filed in a court of record and

not merely exchanged informally between or among parties, *see James v. Elec. Data Sys. Corp.*, No. CIV. A. 98-CV-1583, 1998 WL 404817, at *3 (E.D. Pa. July 15, 1998).[7]

Consideration of these factors leads the Court to conclude that Archavage's settlement demand letter is not an "other note" under the statute. Archavage, PAS, and the courts involved in this case have all noted Archavage's explicit disclaimer of seeking damages over $5,000,000. Moreover, the settlement demand itself is equivocal, containing as it does the cautionary language, "[n]aturally, this demand is made for purposes of early resolution through medication . . . ." (Doc. 11, at 8 n.3). No expert or other evidence was provided with the settlement demand letter to support the figure demanded therein, Archavage did not make it impossible for PAS to conclude that the amount in controversy could be satisfied, and the settlement demand was not made part of the Luzerne CCP record. (Doc. 11, at 10). Doubts abound concerning the Court's alleged jurisdiction, and these doubts must be construed in favor of granting remand.

Significantly, of all the cases cited above, none involved a dispute over the parties' citizenship. *See Addo*, 230 F.3d at 760–61 (noting no citizenship issues but indicating diversity jurisdiction was lacking because "[t]he complaint stated an insufficient amount in controversy"); *Sfirakis*, 1991 WL 147482, at *2 ("In the present case, the diversity of citizenship of the parties is uncontested and unproblematic."); *Ferguson*, 2014 WL 1492266, at *1 ("Neither party disputes that complete diversity exists in this case[.]"); *Minissale*, 988 F. Supp. 2d at 475

---

[7] As the Fifth Circuit has observed, this line of case law "illustrates the appropriate analysis for a case like this one, rejecting puffery and posturing and crediting only those writings that are seriously meant to be a plaintiff's realistic assessment of the value of his case." *Addo*, 230 F.3d at 764.

(same); *White*, 1992 WL 7032, at *3 n.2 ("There is no dispute as to diversity of citizenship[.]"); *James*, 1998 WL 404817, at *2 ("In this case, diversity is not contested."). The absence of diversity-of-citizenship disputes from these cases strongly suggests the non-applicability of 28 U.S.C. § 1446(b)(3) and (c)(3)(A) in circumstances where, as here, diversity has never been established, not initially, not based on newly available evidence, and not based on an intervening change bearing on the issue of citizenship. *Cf. Broderick v. Dellasandro*, 859 F. Supp. 176, 179–80 (E.D. Pa. 1994) (rejecting the notion that "attorney correspondence [is excluded] under all circumstances from the definition of 'other paper,'" where plaintiffs' counsel had notified defense counsel of the fact that plaintiffs had been residing in Pennsylvania).

## IV. CONCLUSION

Based on the foregoing, Archavage's motion to remand (Doc. 10) is **GRANTED**, the case is remanded to the Luzerne County Court of Common Pleas, and the Clerk of Court is directed to close this case. PAS's motion for an order decertifying or striking various audio files from the potential class list (Doc. 6) is **DENIED AS MOOT**, as PAS has failed to establish the Court's subject matter jurisdiction over Archavage's claims.

An appropriate Order follows.

**Dated: January 29, 2020**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**